# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ANTHONY BOOTH, et al.,**

    **Plaintiffs,**

v.                                              Case No. 8:09-cv-2621-T-30TBM

**PASCO COUNTY, FLORIDA, et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Pasco County, Florida's Motion to Dismiss (Dkt. 60), Plaintiffs' Response in opposition (Dkt. 65). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted. In addition, Plaintiffs' Unopposed Motion to Amend the Complaint (Dkt. 84) should also be granted.

### **Background**

Plaintiffs Anthony Booth and Jerry Brown allege various acts of discrimination and retaliation by Defendants related to their employment with Defendant Pasco County and membership with Defendant International Association of Firefighters Local 4420.[1] Defendants previously moved to dismiss certain counts of the Amended Complaint. On July 13, 2010, the Court entered an order granting Pasco County's motion to dismiss Plaintiffs' 42 U.S.C. § 1981 claims on the grounds that Plaintiffs did not adequately allege an official

---

[1] Plaintiffs' allegations are fully set forth in the Court's order of July 13, 2010. See Dkt. 51.

county policy of discrimination or retaliation or that Pasco County's training was inadequate. On August 3, 2010, upon leave of Court, Plaintiffs filed their Third Amended Complaint.

Pasco County now moves to dismiss Counts V, VI, XV, and XXI of the Third Amended Complaint, all of which assert violations of § 1981 brought through 42 U.S.C. § 1983. Pasco County argues that the Third Amended Complaint still fails to sufficiently allege that Plaintiffs injuries were the result of an official county policy or custom or that the discrimination and retaliation was the result of inadequate training or Pasco County's failure to train.[2]

## Discussion

### I. Motion to Dismiss

Determining the propriety of granting a motion to dismiss requires courts to accept all factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955. While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely

---

[2] Plaintiffs note that they did not intend to allege Pasco County's liability based on a failure to train in the Third Amended Complaint. Therefore, the Court will not address that issue.

creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* At 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

"It is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior*." *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1479 (11th Cir. 1991); *see Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977) (requiring evidence that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."). "Thus, recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'-that is, acts which the municipality has officially sanctioned or ordered." *Brown,* 923 F.2d at 1479.

A plaintiff may establish a policy or custom by showing either "(1) an action taken or policy made by an official responsible for making final policy in that area of the city's business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Church v. City of Huntsville*, 30 F.3d 1332,

1343 (11th Cir. 1994). "Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691 (*quoting Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Normally random acts or isolated incidents are insufficient to establish a custom or policy." *Church*, 30 F.3d at 1345. Rather, the custom or practice must be so widespread and pervasive that it has the effect of a formal policy. *Id.* at 1343. "Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the municipality." *Id.* at 1345 (*quoting Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir.1986)).

Plaintiff Booth brings claims for discrimination, harassment, and retaliation in violation of § 1981 brought via § 1983. Plaintiff Brown brings one claim for retaliation in violation of § 1981 brought via § 1983. As noted in the Court's previous order of July 13, 2010, Plaintiffs' own claims of discrimination and retaliation were insufficient to form the basis of a county policy because they did not allege that such practices were widespread. In the Third Amended Complaint, Plaintiffs add the following paragraph:

> Consistent with Pasco County's discriminatory and retaliatory practice toward individuals that engage in protected activity, Pasco County retaliated against other employees who were associated with Booth and Brown. For example, Pasco County transferred and/or reassigned other employees of Engine 30 and Engine 14 at Station 14 (Booth and Brown's crew), after those employees made truthful written statements regarding Captain Bodden's improper treatment toward Booth. Management claimed that the reason for their transfers and/or reassignments was due to them creating a "negative" environment; however, upon information and belief, management did not produce any documentation to these employees to substantiate their claims, despite their requests.

Dkt. 57, ¶ 84.

The above paragraph is the only paragraph of the Third Amended Complaint which addresses any actions towards Pasco County employees other than Plaintiffs. Plaintiffs allege only that an unspecified number of unidentified employees were retaliated against for their support of Booth's internal complaints. There is no mention of whether these "other employees" are part of a protected class or whether they are part of the same protected class as Plaintiffs. There is no basis in this paragraph to support Booth's claims that there is a custom or practice of discrimination in place in Pasco County.

These allegations are also insufficient to show a custom of retaliation. Without information as to the number and identity of these other employees, it is impossible to assess whether the retaliation was widespread. Therefore, Pasco County's motion to dismiss the § 1981/§ 1983 claims must be granted.

## II.    Motion to Amend the Complaint

Plaintiff's seek to amend the complaint to add causes of action pursuant to Title VII against Pasco County. These new causes of action became viable on October 25, 2010, due to the Department of Justice's issuance of *Notices of Right to Sue Within 90 Days*. Pasco County does not oppose the motion to amend.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant Pasco County's Motion to Dismiss (Dkt. 60) is GRANTED.

2.    Plaintiffs' Motion to Amend the Third Amended Complaint (Dkt. 84) is GRANTED.

3.      Plaintiffs may file an amended complaint within twenty (20) days.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2621.mtd 60.frm