UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANTHONY BOOTH, et al.,**

    Plaintiffs,

v.                                              Case No.  8:09-cv-2621-T-30TBM

**PASCO COUNTY, FLORIDA, et al.,**

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant International Association of Firefighters Local 4420 (the "Union")'s Motion for Reconsideration (Dkt. #298), Motion for Judgment Notwithstanding the Verdict, New Trial, or for Remittitur (Dkt. #299) and Plaintiffs' Responses in Opposition (Dkts. #306 & #314).  Upon considering the motions, responses, and being otherwise advised in the premises, the Court concludes that the Union's Motion for Reconsideration should be granted, and that the Union's Motion for Judgment Notwithstanding the Verdict, New Trial, or for Remittitur, should be denied.

**I.**    **The Union's Motion for Reconsideration**

The Union's Motion for Reconsideration asks this Court to reconsider its Order entered on February 21, 2012, which denied the Union's 50(a) motion for judgment as a matter of law, and the Union's 50(b) motion, for judgment notwithstanding the verdict (*see* Dkt. #291).  The Union presented its arguments for these motions orally before this Court

on January 30, 2012. In its Motion for Reconsideration, the Union argues that in making its oral arguments, it only intended to make a 50(a) motion, and planned to make a 50(b) motion at a later date. Therefore, it argues that this Court should reconsider its Order denying the Union's 50(b) motion.

Upon reviewing the transcript of oral argument, this Court concludes that it is questionable that the Union did not understand that it was arguing both its 50(a) and 50(b) motions in front of this Court. Nonetheless, the Court concludes that the Union's Motion for Reconsideration should be granted in order to enable this Court to consider the Union's Motion for Judgment Notwithstanding the Verdict, New Trial, or for Remittitur.

**II.     The Union's Motion for Judgment Notwithstanding the Verdict or a New Trial, or for Remittitur**

    **A.     The Union's Motion for Judgment Notwithstanding the Verdict, or a New Trial**

The Union moves for judgment notwithstanding the verdict on several grounds, including that the Union's legal updates memo was protected by the First Amendment. This Court has previously extensively considered, and rejected, the Union's First Amendment argument. It similarly rejects the argument here, for the reasons stated in this Court's prior Order (*see* Dkt. #291). Further, the Court concludes that none of the other purported grounds warrant a judgment in favor of the Union or entitle it to a new trial. As a result, the Court concludes that the Union's Motion for Judgment Notwithstanding the Verdict or a New Trial should be denied.

### B.     The Union's Motion for Remittitur

The Jury ruled against the Union, and in favor of Plaintiff Anthony Booth and Plaintiff Jerry Brown, with respect to Plaintiffs' retaliation claims against the Union. The Jury awarded each Plaintiff $75,000 in compensatory damages (*see* Dkts. #277 & #279). The jury also found that the Union acted with "malice or reckless indifference" with respect to the federally protected rights of Plaintiffs, and, accordingly, awarded each Plaintiff punitive damages in the amount of $8,000 (*see* Dkt. #280). Thus, the Jury awarded each Plaintiff a total of $83,000.

Defendant Union now argues that the Jury's damages award should be remitted. First, it argues that the $83,000 in damages awarded to each Plaintiff exceeds the Title VII statutory cap on damages. Defendant contends that under 42 U.S.C. § 1981a(b)(3), an entity with zero employees, like the Union, cannot be made to pay more than $50,000 in damages. *See* 42 U.S.C. § 1981a(b)(3). According to the Union, it is irrelevant that it has hundreds of members as it contends that the number of *employees,* not members, determines the appropriate cap. *See* EEOC Policy Document 915.002, CCH-EEOCCM ¶ 2062, n. 7 (July 14, 1992) ("Basing a union's damage caps on its number of employees, rather than on the number of its members, may have been a drafting error. However, since § 1981a(b)(3) specifically refers to the number of "employees," and since that is not inconsistent with the provision's purpose, the Commission interprets the statute to mean that the caps relate to the number of a union's employees, rather than to the number of its members.")

Plaintiffs argue that the applicable cap depends on the number of union members, not employees, as "[i]t makes no sense to use the numbers of employees as the criterion for damages caps in union cases, when the very question whether the statute covers a given union turns on numbers of members." *Dowd v. United Steelworkers of America, Local No. 286*, 253 F.3d 1093, 1100 (8th Cir. 2001).

While it is somewhat unclear whether the Union's number of members or employees should be the relevant criterion for Title VII's damages cap, this is a question that this Court need not decide. Here, even assuming that the damages awarded by the Jury exceeded the Title VII cap, the excess can simply be allocated to Plaintiffs' Florida Civil Rights Act ("FCRA") claims, which are not bound by Title VII's cap. *See, e.g., Bradshaw v. School Bd. of Broward Cnty., Fla.*, 486 F.3d 1205, 1208 (11th Cir. 2007) (if Title VII cannot remedy the full extent of injury because of its cap, then the remaining portion should be remedied under the FCRA). As a result, in the instant case, it is clear that Title VII's damages cap should not reduce the Jury's damages award.

The Union also argues that the compensatory damages awarded to Plaintiff were excessive, and thus should be reduced to a nominal amount. The Court rejects this argument.

Finally, the Union argues that this Court should vacate the Jury's award of punitive damages. This Court disagrees, as sufficient evidence was presented to support the jury's finding that the Union acted maliciously, and/or recklessly with respect to Plaintiffs' federally protected rights.

It is therefore **ORDERED AND ADJUDGED** that:

1.	Defendant International Association of Firefighters Local 4420's Motion for Reconsideration (Dkt. #298) is hereby **GRANTED.**

2.	Upon reconsideration, Defendant International Association of Firefighters Local 4420's Motion for Judgment Notwithstanding the Verdict, New Trial, or Remittitur (Dkt. #299) is hereby **DENIED**.

3.	Defendant International Association of Firefighters Local 4420 shall respond to Plaintiffs' Motion for Declaratory, Injunctive, and other Equitable Relief (Dkt. # 297), and Plaintiffs' Motion for Attorneys' Fees (Dkt. # 303) within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 28, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2621.mframfj.frm